IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON SOTO,

            Petitioner,

v.

REED RICHARDSON,[2]

           Respondent.

OPINION and ORDER

13-cv-719-jdp[1]

---

Petitioner Jon Soto is in custody of the Wisconsin Department of Corrections at the Stanley Correctional Institution. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his appellate counsel provided ineffective assistance by failing to argue that trial counsel was ineffective for failing to raise petitioner's strongest arguments on direct appeal. The petition is now fully briefed and ready for decision. After considering the parties' submissions, I conclude that petitioner has failed to exhaust his state remedies by developing his ineffective assistance of counsel claims in the trial court, so I will dismiss his petition without prejudice.

## FACTS

On April 14, 2009, a criminal complaint was filed in Trempealeau County, Wisconsin, against petitioner Jon Soto for harm he allegedly caused a former girlfriend. The

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 23.

[2] Jeffrey Pugh was originally named as the respondent in this case. The current warden of the Stanley Correctional Institution is Reed Richardson, so I have substituted him into the caption. Fed. R. Civ. P. 25(d). I will refer to the government's filings as "respondent's" even though they were originally filed on behalf of Pugh.

complaint included one count of stalking resulting in bodily harm, one count of false imprisonment, two counts of aggravated battery, and one count of second-degree reckless endangerment. All of the counts included sentence enhancements for the use of a dangerous weapon, domestic abuse, and commission by a repeater. On May 4, 2009, the charges were incorporated into the information filed against petitioner. The information also included charges for first-degree sexual assault and attempted first-degree sexual assault, both of which included repeater enhancements.

On July 8, 2009, petitioner pleaded guilty to the second-degree reckless endangerment charge with the repeater enhancement removed, but with the dangerous weapon and domestic abuse enhancements included. In exchange, the state agreed to dismiss and read in the false imprisonment and aggravated battery charges with their enhancements, and dismiss the stalking, first-degree sexual assault, and attempted sexual assault charges.

On November 12, 2009, petitioner was sentenced to ten years of confinement and five years of extended supervision. On May 4, 2010, petitioner filed a motion to withdraw his plea, arguing that his rights under Wisconsin statute and to due process under the United States Constitution were violated because the plea hearing had been conducted by videoconference. The motion was denied by the circuit court and petitioner filed an appeal. The Wisconsin Court of Appeals certified the question to the Wisconsin Supreme Court. On July 12, 2012, the Wisconsin Supreme Court affirmed the circuit court's ruling.

On February 20, 2013, petitioner filed a petition for writ of habeas corpus in the Wisconsin Court of Appeals, arguing that his appellate counsel had provided ineffective assistance for failing to argue that trial counsel was ineffective "for failing to argue issues set forth in the state court record that were stronger and [more] obvious than the one issue that

the appellate attorney argued."[3] Those issues were: (1) the trial court lacked subject jurisdiction because the criminal complaint was neither verified nor signed by the district attorney; (2) the complaint was multiplicitous; and (3) the complaint included the false statement that the victim suffered multiple stab wounds.

On March 7, 2013, the Wisconsin Court of Appeals denied the petition, stating as follows:

> Soto refers to the ineffectiveness of "appellate" counsel, but we note that people frequently confuse postconviction counsel with appellate counsel. Although postconviction counsel and appellate counsel are often the same person, their functions differ. *See State ex rel. Smalley v. Morgan*, 211 Wis. 2d 795, 797, 565 N.W.2d 805 (Ct. App. 1997). While postconviction representation involves proceedings in the trial court, "appellate counsel's work involves briefing and oral argument in this court." *Id*. This is a significant legal distinction.
>
> All issues raised by Soto would not be reviewable by habeas corpus in this court unless those issues are part of a claim of ineffective assistance of appellate counsel. Soto does not allege in his petition that a postconviction hearing was held in which trial counsel was called to testify regarding his representation. Pursuant to *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979), "it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel." In the absence of a *Machner* hearing, appellate counsel would not be deficient for failing to raise an issue that was not preserved for appeal.

Dkt. 11, Exh. 13 at 1-2.

On August 1, 2013, the Wisconsin Supreme Court denied petitioner's petition for review. Petitioner then filed the present habeas corpus petition in this court.

---

[3] This type of petition is also known as a *Knight* petition. *See State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (holding that proper way of raising claim of ineffective assistance of appellate counsel is to file petition for habeas corpus in court of appeals that heard the direct appeal).

3

ANALYSIS

A habeas petition brought under § 2254 may be granted only where a state court's decision on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Additionally, a federal court cannot grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." Section 2254(b). The question in this case is whether I should consider petitioner's claims under the substantive standard of § 2254(d) or instead consider whether petitioner has exhausted his claims.

This case is unusual in that the state court of appeals decision seems to rest on both merits- and exhaustion-based grounds. The court stated that petitioner could not show that his appellate counsel was deficient, which is arguably a decision on the merits of the ineffective assistance claim, but did so by noting that petitioner failed to follow the proper postconviction steps to preserve this claim, which suggests that petitioner failed to exhaust his state remedies. Dkt. 11, Exh. 13 at 1-2 (quoting *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) for proposition that "'it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel.'"); *see also State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136, 137 (Ct. App. 1996) ("'Claims of ineffective trial counsel or whether grounds exist to withdraw a guilty plea cannot be reviewed on appeal absent a postconviction motion in the trial court.'").

Although the parties seem to agree that petitioner indeed exhausted his state remedies by filing his *Knight* petition with the court of appeals, both this court and the Eastern District

of Wisconsin have previously concluded that the type of ruling issued by the court of appeals here is a procedural ruling based on exhaustion rather than a merits-based decision. *Blank v. Humphreys*, 2011 WL 1085172, at *4 (E.D. Wis. Mar. 22, 2011) (petitioner's ineffective assistance of appellate counsel claims not exhausted where petitioner failed to first raise trial counsel's ineffective assistance in trial court); *Huusko v. Endicott*, 2007 WL 1472979, at *17 (W.D. Wis. May 21, 2007) (report and recommendation) (habeas petitioner procedurally defaulted ineffective assistance claims by failing to raise them in *Machner* hearing), *adopted by Huusko v. Endicott*, No. 07-cv-59-bbc (June 21, 2007). The *Blank* case presented a virtually identical posture to the present case; in *Blank*, the Eastern District concluded that a petitioner who raised his ineffective assistance of appellate counsel claims in a *Knight* petition without first pursuing those claims in a postconviction motion or habeas petition in the trial court pursuant to *Rothering* failed to exhaust his claims. 2011 WL 1085172 at *4.[4] Thus, even though respondent states that petitioner has exhausted his claims, I conclude that petitioner has failed to do so. *See, e.g.*, *Tate v. Borgen*, 2005 WL 1785251, at *10 (E.D. Wis. July 26, 2005) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987) ("If the State expressly waives the exhaustion requirement, the district court still has the power to raise the defense sua sponte when it believes doing so best serves the interests of comity and federalism.")).

---

[4] In the present case, the court of appeals characterized the petitioner's claims slightly differently than the court in *Blank*. Here, the court characterized petitioner's claims as being against appellate counsel while the state court in *Blank* characterized the claims as challenging the performance of postconviction counsel. *See Blank*, 2011 WL 1085172, at *3. However, this distinction is irrelevant, as the key point in both cases is that a *Knight* petitioner must develop his "cascading" ineffective assistance of trial, postconviction, and appellate counsel claims in the trial court before filing his *Knight* petition in the court of appeals.

In *Blank*, the court stated that when a *Knight* petitioner fails to first develop his ineffective assistance of counsel claims in the trial court, "the [state] court usually allows the inmate to file an appropriate motion in the trial court." 2011 WL 1085172 at *4. It gave petitioner a choice of dismissing his unexhausted claims or request a stay of his habeas action (which included one fully exhausted claim) while he developed his ineffective assistance of counsel claims in the trial court. *Id*. at 5. There is no need to give petition a similar choice in this case because he has no exhausted claims. Instead, I will dismiss the petition without prejudice to allow petitioner to develop his claims in the trial court, which serves the interest of comity by giving the state courts the first opportunity to address petitioner's claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."). Because the dismissal is without prejudice, petitioner remains free to renew his habeas petition after exhausting his state court remedies.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Jon Soto, Dkt. 1, is DISMISSED without prejudice. The clerk of court is directed to close this case.

Entered this 24th day of November, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge
